**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| **TRACY YU-SANTOS,** | ) | 1:06-cv-1773 AWI DLB |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING EX** |
| | ) | **PARTE APPLICATION TO** |
| v. | ) | **SHORTEN TIME** |
| | ) | |
| **FORD MOTOR COMPANY, TRW** | ) | **ORDER DIRECTING** |
| **AUTOMOTIVE HOLDINGS COPP.,** | ) | **DEFENDANT ROBERT** |
| **TRW AUTOMOTIVE INC., TRW** | ) | **SANTOS TO FILE ANY** |
| **AUTOMOTIVE U.S. LLC, TRW** | ) | **OPPOSITION TO** |
| **VEHICLE SAFETY SYSTEMS INC.,** | ) | **PLAINTIFF'S MOTION TO** |
| **ROBERT SANTOS, and DOES 1** | ) | **DISMISS BY 4:00 p.m. ON** |
| **through 10,** | ) | **APRIL 14, 2008** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

   Plaintiff has filed a motion to dismiss Defendant Ford Motor Company from this action in light of the confidential settlement agreement between Plaintiff and Defendant Ford Motor Company.  Plaintiff's motion indicates that all Defendants, except for Defendant Robert Santos, have stated they do not oppose Plaintiff's motion.   Plaintiff also has filed a motion to shorten time on Plaintiff's motion to dismiss.  Plaintiff claims that one condition of the settlement is that the settlement funds issued by Defendant Ford to Plaintiff's counsel may not be negotiated to Plaintiff until an order from the court dismissing Defendant Ford is obtained.   Plaintiff claims that she will be "irreparably prejudiced if the undelrying motion is heard according to regular noticed proceedings be being unable to receive and use the settlement funds or earn interest off the funds throughout this time."

   Local Rule 6-144(e) provides the rule for shortening the time within which a

1   motion, and all accompanying briefs, must be filed   It reads:

> Applications to shorten time shall set forth by affidavit of counsel the circumstances claimed to justify the issuance of an order shortening time. Ex parte applications to shorten time will not be granted except upon affidavit of counsel showing a satisfactory explanation for the need for the issuance of such an order and for the failure of counsel to obtain a stipulation for the issuance of such an order from other counsel or parties in the action. Stipulations for the issuance of an order shortening time require the approval of the Judge or Magistrate Judge on whose calendar the matter is to be heard before such stipulations will be given effect. Any proposed order shortening time shall include blanks for the Court to designate a time and date for the hearing and for the filing of any response to the motion.

Local Rule. 6-144(e).  Local Rule. 6-144(e) does not specifically define the circumstances that will justify an order shortening time or what a "satisfactory explanation" is, but "courts generally require that the applicant demonstrate circumstances showing that (1) the applicant is not the cause of its own predicament, and (2) the order is 'needed' to avoid some type of harm." See, e.g., Hanger Prosthetics & Orthotics, Inc. v. Capstone Orthopedic, Inc., 2007 WL 3340935, *1 (E.D.Cal. 2007); Yokohama Tire Corp. v. Dealers Tire Supply, Inc., 202 F.R.D. 612, 613 (D.Ariz.2001); Mission Power Eng'g Co. v. Continental Cas. Co., 883 F.Supp. 488, 492 (C.D.Cal.1995); In re Intermagnetics Am., Inc., 101 B.R. 191, 193 (Bankr.C.D.Cal.1989).  As explained by the Central District of California:

> The purpose of the first part of the ex parte motion papers is to establish why the accompanying proposed motion for the ultimate relief requested cannot be calendared in the usual manner. In other words, it must show why the moving party should be allowed to go to the head of the line in front of all other litigants and receive special treatment. The reasons stated must be supported by deposition transcripts or by affidavits or declarations whose contents would be admissible if the deponents, affiants, or declarants were testifying in court. A statement "on information and belief" by the lawyer preparing the papers is insufficient.

Mission Power Engineering Co. v. Continental Cas. Co.,  883 F.Supp. 488, 492 (C.D.Cal. 1995)

Here, the court finds there is a satisfactory explanation for the need to advance the hearing date from May 5, 2008.   While Plaintiff has not shown that she will be in financial difficulties if she does not receive the settlement funds by May 5, 2008, Plaintiff has shown that she will lose interest on the funds, and has some need for the money.   The court also finds that

2

counsel has adequately explained why a stipulation from opposing counsel or party has not been provided.  Defendant Robert Santos is the only Defendant who has not consented to Defendant Ford's dismissal.   Plaintiff's counsel has attempted to contact Defendant Robert Santos, and he has not returned Plaintiff's counsel's phone calls.  However, the court is concerned that given Defendant Robert Santos's pro se status, he may not fully understand the ramifications of Plaintiff's counsel's phone calls.  As such, the court finds that any order shortening time must give Defendant Robert Santos time to file an opposition if he does not agree to Defendant Ford's dismissal.

Accordingly, the court ORDERS that:

1. Plaintiff's application for an order shortening time is GRANTED;
2. Any Defendant opposing Plaintiff's motion to dismiss SHALL file an opposition by 4:00 p.m. on Monday, April 14, 2008;
3. Plaintiff may file any reply by 1:00 p.m. on Wednesday, April 16, 2008;
4. The hearing on Plaintiff's motion SHALL BE HEARD at 1:30 p.m. on Monday, April 21, 2008; and
5. The hearing currently set for Monday, May 5, 2008 is VACATED.

IT IS SO ORDERED.

**Dated:   April 4, 2008**              /s/ Anthony W. Ishii
                                       UNITED STATES DISTRICT JUDGE

3