IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY YU-SANTOS,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>FORD MOTOR COMPANY, TRW AUTOMOTIVE HOLDINGS COPP., TRW AUTOMOTIVE INC., TRW AUTOMOTIVE U.S. LLC, TRW VEHICLE SAFETY SYSTEMS INC., ROBERT SANTOS, and DOES 1 through 10,<br><br>　　　　　　Defendants. | 1:06-CV-1773 AWI DLB<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS DEFENDANT FORD MOTOR COMPANY WITH PREJUDICE<br><br>(Document #40) |

## BACKGROUND

This wrongful death action arises from the single vehicle rollover of a 1998 Ford Explorer on December 25, 2004. Christopher Ryan Miranda was driving the Ford Explorer Southbound on Interstate 5 when he lost control of the vehicle and it overturned. Of the five passengers in the vehicle, four were ejected and killed, including Plaintiff's two children, Keilan Tito Santos and Tia Leilani Santos.

On December 19, 2006, Plaintiff filed an amended complaint. Plaintiff sues Defendant Ford Motor Company ("Defendant Ford") for defective design and manufacture of the Ford Explorer. Plaintiff sues Defendant TRW Automotive Holdings Corporation, Defendant TRW Automotive Inc., Defendant TRW Automotive U.S. LLC, and Defendant TRW Vehicle Safety Systems Inc. ("TRW Defendants") for defective design and manufacture of the safety restraint belts. The amended complaint states that Defendant Robert Santos is named as a Defendant

because he is the father of Keilan Tito Santos and Tia Leilani Santos and is also their heir. The amended complaint alleges that Defendant Robert Santos "is a party whose interests are so united with those of Plaintiff that Defendant [Robert Santos] is a proper plaintiff."

On April 4, 2008, Plaintiff filed a motion to dismiss Defendant Ford with prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure in light of a settlement agreement between Plaintiff and Defendant Ford. Along with the motion to dismiss, Plaintiff filed an application for an order shortening time for a hearing on Plaintiff's motion.

On April 4, 2008, the court granted Plaintiff's application for an order shortening time. The court ordered any Defendant opposing Plaintiff's motion to file an opposition to Defendant Ford's dismissal by 4:00 p.m. on Monday, April 14, 2008. The court set a hearing on Plaintiff's motion for 1:30 p.m. on Monday, April 21, 2008.

No Defendant or any other party filed an opposition to Plaintiff's motion to dismiss Defendant Ford. The court held a hearing at 1:30 p.m. on Monday, April 21, 2008, and no Defendant appeared to oppose the motion.

## LEGAL STANDARD

Rule 41(a) of the Federal Rules of Civil Procedure provides, in pertinent part:

(1) **By Plaintiff; by Stipulation**. . . . an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. . . .
(2) **By Order of Court**. Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's insistence save upon order of the court and upon such terms and conditions as the court deems proper.

The purpose behind Rule 41 is to protect defendants from vexatious plaintiffs. U.S. ex rel., Sequoia Orange Co. v. Baird-Neece Packing Corp., 151 F.3d 1139, 1145 (9th Cir. 1988) (citing Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 397 (1990)). The court should grant a motion for voluntary dismissal pursuant to Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result of the dismissal. Smith v. Lenches, 263 F.3d 972, 975 (9th

2

1 | Cir. 2001). A motion under Rule 41(a)(2) "is addressed to the district court's sound discretion
2 | and the court's order will not be disturbed unless the court has abused its discretion."
3 | Stevedoring Services of America v. Armilla International B.V., 889 F.2d 919, 921 (9th Cir.1989).
4 |     In ruling on a motion for voluntary dismissal under Rule 41(a)(2), the district court must
5 | consider whether the dismissal will result in some plain legal prejudice to the defendant.
6 | Hamilton v. Firestone Tire & Rubber Co., Inc., 679 F.2d 143, 145 (9th Cir.1982). "Although case
7 | law does not articulate a precise definition of 'legal prejudice,' the cases focus on the rights and
8 | defenses available to a defendant in future litigation." Westlands Water Dist. v. United States,
9 | 100 F.3d 94, 97 (9th Cir.1996). Legal prejudice requires "prejudice to some legal interest, some
10 | legal claim, [or] some legal argument." Lenches, 263 F.3d at 976; Westlands Water Dist., 100
11 | F.3d att 97. The mere prospect of a second lawsuit or the uncertainty which exists because the
12 | dispute remains unresolved does not constitute sufficient legal prejudice. Westlands Water Dist.,
13 | 100 F.3d att 97.

### DISCUSSION

15 |     The evidence before the court shows that no party would be prejudiced if the court
16 | dismissed Defendant Ford. In her application for an order shortening time, Plaintiff provides
17 | evidence that the TRW Defendants do not contest the dismissal of Defendant Ford. Plaintiff
18 | provides evidence that Defendant Robert Santos, who is appearing in pro se, has been asked
19 | whether he agrees to Defendant Ford's dismissal, but he has not indicated whether he will
20 | consent to Defendant Ford's dismissal. Pursuant to the court's April 4, 2008 order, the court
21 | ordered any opposition to Defendant Ford's dismissal be filed by April 14, 2008. Neither
22 | Defendant Robert Santos nor any other Defendant filed an opposition. Neither Defendant Robert
23 | Santos nor any other Defendant appeared at the April 21, 2008 hearing to object to the dismissal.
24 |     Based on the evidence and argument before the court, the court will grant Plaintiff's
25 | motion to dismiss Defendant Ford with prejudice pursuant to Rule 41(a)(2). Plaintiff and
26 | Defendant Ford have reached a settlement, and Defendant Ford has already given settlement

1 funds to Plaintiff's attorney.  Defendants TRW have indicated they do not oppose Defendant
2 Ford's dismissal.  No party asks Defendant Ford's dismissal be delayed or subject to any
3 conditions.  There has been no showing that any Defendant will suffer some plain legal
4 prejudice as a result of Defendant Ford's dismissal.

**ORDER**

Accordingly, the court ORDERS that:

1. Plaintiff's motion to dismiss Defendant Ford Motor Company with prejudice is GRANTED; and
2. Defendant Ford Motor Company is DISMISSED from this action pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

**Dated:   April 21, 2008**              /s/ Anthony W. Ishii
                                         UNITED STATES DISTRICT JUDGE

4