Adam R. Fox (State Bar # 220584)
afox@ssd.com
Anne Choi Goodwin (State Bar # 216244)
agoodwin@ssd.com
Helen H. Huang (State Bar # 241170)
hhuang@ssd.com
Esther K. Ro (State Bar # 252203)
ero@ssd.com
SQUIRE, SANDERS & DEMPSEY L.L.P.
555 South Flower Street, Suite 3100
Los Angeles, CA  90071
Telephone:  +1.213.624.2500
Facsimile:   +1.213.623.4581

Attorneys for Defendants
TRW AUTOMOTIVE HOLDINGS CORP.,
TRW AUTOMOTIVE INC., TRW
AUTOMOTIVE U.S. LLC, and TRW
VEHICLE SAFETY SYSTEMS INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY YU-SANTOS,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>FORD MOTOR COMPANY, TRW AUTOMOTIVE HOLDINGS CORP., TRW AUTOMOTIVE INC., TRW AUTOMOTIVE U.S. LLC, TRW VEHICLE SAFETY SYSTEMS INC., ROBERT SANTOS, and DOES 1 through 10,<br><br>　　　　　Defendants. | Case No.  1:06-cv-01773-AWI-DLB<br><br>**STIPULATED PROTECTIVE ORDER RE DOCUMENTS, INFORMATION, AND EVIDENCE; ORDER THEREON**<br><br>Judge Assigned:  Judge Anthony W. Ishii<br>Magistrate Judge: Judge Dennis L. Beck |

To maintain the confidentiality of certain documents and information to be produced in the above-captioned matter or otherwise made available by TRW VEHICLE SAFETY SYSTEMS INC. ("TRW VSSI"), plaintiff Tracy Yu-Santos ("Plaintiff") and TRW VSSI and Robert Santos, agree to be bound by this Stipulated Protective Order (the "Protective Order"), which, having been entered by the Court, has full force and effect:

**A.    With Respect to Certain Documents and Information to be Produced by TRW VSSI**

1.    TRW VSSI has been asked to produce certain documents that TRW VSSI contends are proprietary, confidential and/or reflect business trade secrets. The parties agree that any material reflecting the proprietary, confidential and/or trade secret information of TRW VSSI shall not be disclosed or permitted to be disclosed to anyone other than those individuals or entities bound by the Protective Order.

2.    The Protective Order governs the treatment and handling of all confidential information and documents including depositions, deposition exhibits, answers to interrogatories, responses to requests for admissions and other written, recorded or graphic matter ("Confidential Material") produced by or made available by TRW VSSI to any other party in this action, pending in the United States District Court, Eastern District of California, Case No. 1:06-cv-01773-AWI-DLB ("the Action").

3.    All documents or information furnished by TRW VSSI that it contends are or reflect confidential, privileged, proprietary, technical and/or trade secret information shall be furnished by clearly labeling such material as produced pursuant to protective order. The labeling of a document shall be placed on the document in a manner that will not interfere with its legibility. Labeling the document as confidential on the first page will be sufficient to include all pages of the document within the Protective Order.

4. With respect to deposition testimony, the designation of confidentiality, subject to the Protective Order, may be made on the record at the time of the deposition at which time the testimony shall be subject to the full protection of this Protective Order. In the case of testimony not so designated during the course of a deposition, counsel may, within ten (10) days of receipt of the transcript of the deposition, notify the parties that the deposition testimony contains confidential material, in which case the testimony shall be subject to the full protections of the Protective Order. Until the expiration of the aforementioned ten (10) day period, all deposition transcripts and the information contained therein shall be deemed confidential and subject to the Protective Order.

5. Material designated as confidential pursuant to the Protective Order shall be used solely by the party or parties receiving such material and only for purposes of this litigation, and for no other purpose. Under no circumstances other than those specifically provided for in this or a subsequent order of the Court shall the party receiving such material disclose it to persons other than the following:

    a.    Parties in the Action;

    b.    Counsel of record for the parties in the Action, including their paralegals and staff working on the case;

    c.    Experts or consultants retained to assist in the Action;

    d.    Fact witnesses for deposition or trial; and

    e.    The Court and court personnel.

6. Confidential Materials may not be shown or revealed to persons other than those described above, with the exception of those described in subparagraph (e), until (i) the undersigned attorneys have advised such persons that the Confidential Material and information are confidential and are subject to the Protective Order and (ii) such persons have agreed in writing to be bound by the terms of the Protective Order. An unsigned Agreement To Be Bound By Protective Order is attached hereto as Exhibit A.

7.     Notwithstanding the above, Confidential Materials may not be shared with any competitors or others who would exploit it for their own economic gain, for the benefit of a competitor of TRW VSSI, or merely to harm any TRW VSSI.

8.     In the event that counsel for any party determines to file with or submit to this Court any Confidential Material designated "produced under protective order" or information derived therefrom (by way of pleadings, motions, briefs or other papers containing or making reference to such material or information), such "confidential" documents shall be filed only in a sealed envelope on which a statement in the following form shall be endorsed:

> This envelope is sealed pursuant to Order of the Court and contains confidential information and documents that are subject to such Order.  This envelope is not to be opened or its contents revealed except to counsel or authorized personnel of record or by subsequent Order of this Court.

In the event that any party files with this Court any Confidential Material, such Confidential Material shall be accompanied by a motion to file the Confidential Material under seal, which meets the requirements of Local Rule 39-141 of the United States District Court for the Eastern District of California.  All such materials so filed shall be maintained by the Clerk of the Court separate from the public records in the Action and shall be released only upon further order of this Court.

9.     The parties reserve their right to challenge the propriety of the designation of a given document as confidential.  If any party elects to challenge in good faith the designation of confidentiality of any document or information pursuant to and as contemplated by the Protective Order, the parties shall notify TRW VSSI of its challenge and the rationale supporting that challenge in writing. Within thirty (30) days of the receipt of such written notice, during which time the parties shall meet and confer in good faith to resolve the dispute, TRW VSSI must either voluntarily remove the confidential designation or advise the challenging party that it will not remove the confidential designation, at which time the

1  producing party must seek appropriate relief from the Court or abandon the dispute
2  about the confidential designation.  All documents, testimony or other materials
3  designated by TRW VSSI as confidential shall retain their confidential status until
4  such time as this Court enters an order otherwise or until 30 days after written
5  notice of a challenge to the designation of specified documents as confidential,
6  provided that the producing party has not filed a motion within that time period
7  asking the Court to resolve the challenge.

8        10.    Any privilege that would otherwise be applicable to the confidential
9  material being produced is not waived by the production of such material, and all
10 parties are free to object to the admissibility of such confidential material at trial on
11 the grounds of any such privilege.  Furthermore, this production will not bar the
12 assertion of any such privilege at a later date with respect to similar or related
13 materials.  Further, neither this Order nor the designation of any item as
14 confidential shall be construed as an admission that such material, or any testimony
15 with respect to such material in a deposition or otherwise, would be admissible as
16 evidence in this litigation or in any other proceeding.

17       11.    Within ninety (90) days of the conclusion of the litigation against all
18 parties, the parties shall return all documents and materials produced to them or
19 others pursuant to the terms of the Protective Order, and all copies, however
20 maintained, shall be returned to counsel of record for TRW VSSI.

21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

12. Following termination of this litigation, the provisions of the Protective Order relating to the confidentiality of protected documents and information shall continue to be binding, except with respect to documents or information that are no longer confidential. This Court retains jurisdiction over all persons provided access to confidential documents or information for enforcement of the provisions of the Protective Order following termination of the Action against TRW VSSI.

Approved and agreed to:

Dated:   April ___, 2008         SQUIRE, SANDERS & DEMPSEY L.L.P.

[Inserted: 25]
[Inserted: /s/ Adam R. Fox]

By: _____
   Adam R. Fox
   Anne C. Goodwin
   Helen H. Huang
   Esther K. Ro
   Attorneys for the TRW VSSI

                                  McCUNE & WRIGHT
Dated:   April ___, 2008

[Inserted: 25]
[Inserted: /s/ Richard D. McCune]

By: _____
   Richard D. McCune
   David C. Wright
   Attorneys for Plaintiff


                                  ROBERT SANTOS
Dated:   April ___, 2008

By: _____
   Robert Santos, in pro per

**ORDER**

**SO ORDERED.**

28 April 2008                        /s/ *Dennis L. Beck*
Date                                 U. S. MAGISTRATE JUDGE
                                     DENNIS L. BECK