IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY YU-SANTOS,<br>          Plaintiff,<br>     v.<br>TRW VEHICLE SAFETY SYSTEMS<br>INC., ROBERT SANTOS and DOES 1<br>through 10,<br>          Defendants. | 1:06-CV- 1773 OWW DLB<br><br>TENTATIVE ORDER<br>GRANTING PLAINTIFF'S<br>MOTION TO AMEND THE<br>PRE-TRIAL ORDER<br><br>(Document No. 142 ) |

On May 24, 2010, plaintiff Tracy Yu-Santos ("Plaintiff") filed a motion to amend the March 9, 2010 pre-trial order ("Pre-Trial Order") based on Christopher Miranda's ("Miranda")[1] new sworn deposition testimony that Keilan Santos ("Keilan") was seated in the driver's-side (left) rear seat.  The Pre-Trial Order provides that the action is proceeding on manufacturing defect (negligence) and failure to warn as to the right front seat belt and right rear seat belt claims.  Plaintiff seeks to amend the Pre-Trial Order to reflect that the action is

---

[1] Miranda was deposed on May 19, 2010.

proceeding on a negligent manufacturing defect and failure to warn as to the right rear, right front, and *left rear seat* belts, and that the parties dispute whether Keilan was seated in the left rear or right rear seating positions.  For the reasons stated below, Plaintiff's motion will be tentatively granted.[2]

## PLAINTIFF'S MOTION

### Plaintiff's Argument

Plaintiff argues that she will be manifestly prejudiced if the Pre-Trial Order is not amended to conform to the newly obtained deposition testimony of Miranda, which has created a disputed fact as to whether Keilan was seated in the right rear or left rear seats.  Plaintiff argues that Defendant will not suffer prejudice or surprise if the order is amended for three reasons: (1) Defendant had knowledge of Miranda's statement to his insurance company that Keilan was seated in the left rear seat; (2) Defendant was aware of Plaintiff's expert's position that the left rear seat belt contained a webbing manufacturing defect; and (3) Defendant's experts had ample opportunity to inspect the left rear belt and offer an opinion.

Plaintiff asserts that she limited her claims to a defect in the right rear seat belt based on the evidence available to her at the time of the Pre-Trial Order.  Plaintiff contends that she was aware of Miranda's statement to his insurance company that Keilan was seated in the left rear seat and sought to

---

[2] Plaintiff's motion will be granted tentatively in light of Defendant's notice of intent to file a formal response to Plaintiff's motion.  However, the Defendant did submit an email to the court and Plaintiff's counsel, which identified the reasons why Plaintiff's motion should be denied.  This email is discussed more fully in the Defendant's Opposition section.

2

resolve the conflict between Miranda's statement, and the Traffic Collision Report, and Officer Tucker's deposition testimony, by attempting to depose Miranda on multiple occasions.  Plaintiff was not able to locate Miranda until May 3, 2010, when Miranda contacted Plaintiff's counsel, and informed counsel that he would cooperate in submitting to a deposition and testifying at trial.

### Defendant's Opposition

On May 24, 2010, Defendant TRW, ("Defendant") submitted an email to the court and to Plaintiff's counsel and represented that it would not be able to proceed to trial on June 2, 2010, because they were not prepared to defend against Plaintiff's theory that Keilan may have been seated in the left rear seat. Defendant argues that it would be unfairly prejudiced and would need to re-inspect the vehicle, conduct additional exemplar testing, conduct further surrogate studies, prepare additional demonstrative exhibits, and re-depose Plaintiff's experts.

### Legal Standard

Federal Rule of Civil Procedure 16(e) mandates that the pretrial order "shall control the subsequent course of the action . . . [and] shall be modified only to prevent manifest injustice." Fed. R. Civ. Pro. 16(e).  This does not mean, however, that a pretrial order is a legal "strait-jacket" that unwaveringly binds the parties and the court, rather, the court retains a "certain amount of latitude to deviate from a pre-trial order," Manley v. AmBase Corp., 337 F.3d 237, 249 (2d Cir. 2003); see also Castlegate, Inc. v. National Tea Co., 34 F.R.D. 221, 226 (D. Col. 1963), so as to prevent manifest injustice. See Fed. R.

3

Civ. Pro. 16(e).  The party moving for a modification of a pre-trial order has the burden of showing that an amendment is necessary to prevent manifest injustice.  <u>Galdamez v. Potter</u>, 415 F.3d 1015, 1020 (9th Cir. 2005); <u>Byrd v. Guess</u>, 137 F.3d 1126, 1132 (9th Cir. 1998).  In evaluating whether a party has shown "manifest injustice" that warrants amendment, courts consider four factors: (1) the degree of prejudice or surprise to the [non-moving party] if the order is modified; (2) the ability of the [non-moving party] to cure the prejudice; (3) any impact of modification on the orderly and efficient conduct of the trial; and (4) any willfulness or bad faith by the party seeking modification.  <u>Galdamez</u>, 415 F.3d at 1020; <u>Byrd</u>, 137 F.3d at 1131.

<u>Discussion</u>

Considering the factors identified in <u>Galdamez</u> and <u>Byrd</u> there is good cause for modification of the Pre-Trial Order to prevent manifest injustice on the condition that Plaintiff make her experts <u>immediately</u> available for re-deposition on the limited issues of the left rear seatbelt.  Prejudice or surprise to Defendant does not exist as Plaintiff pointed out, Defendant was aware of Miranda's prior statement at the time of the accident to an insurance investigator and because Plaintiff served Defendant with supplemental discovery and produced the statement to Defendant on February 19, 2008.  Defendant has known for over two years that Miranda, the driver and sole survivor of the accident has given conflicting statements whether Keilan was in the right rear or left rear seat.  Plaintiff has attempted to

4

locate Miranda for purposes of deposing him.  <u>See</u> Pre-Trial Order at page 19.  In fact, Plaintiff and Defendant both listed Miranda on their trial witness list and mutually agreed to inform the other if they located Miranda prior to trial.  <u>Id.</u> at page 19.  Defendant was free to devote the same efforts and resources to locate Miranda and there is no showing of a lack of diligence on Plaintiff's part.

Defendant has actually known that Plaintiff's experts opined that the left rear seat belt contained a webbing manufacturing defect, similar to the right rear seat belt defect since Plaintiff produced her seat belt expert's Rule 26 report on March 25, 2008.  Defendant was on actual notice that the left rear seat was at issue in this case.  To the extent that the parties attempted to narrow the issues at pretrial, approximately one month ago, this is eminently curable.  Plaintiff shall make her experts immediately available for re-deposition, Defendants experts shall have immediate access to inspect the left rear seat belt,seat, and assembly.[3]  This opportunity will cure any potential prejudice.  The impact on the conduct of trial from allowing Plaintiff to amend is minimal if Plaintiff makes her experts immediately available for re-deposition.  Defendant will not present evidence until conclusion of Plaintiff's case.

There is no willfulness or bad faith.  Plaintiff has

---

[3] On May 20, 2010, Plaintiff submitted a letter to Defense counsel and indicated that Plaintiff is willing to allow Defendant's experts to inspect the left rear seat belt assembly provided they submit supplemental expert reports detailing their opinions regarding the seat belt assembly.

5

represented that she limited her defect claims to the right rear seat belt based on the evidence available to her at the time of the Pretrial Order.  Plaintiff represents that she made diligent efforts to locate Miranda but was not able to locate him until May 3, 2010.  Miranda was equally available to be located by Defendant.  Until the Pretrial Order, both parties knew that Miranda's prior statements had placed Keilan in both seats.  Defendant also knew that Plaintiff's seat belt expert looked at both left and right rear seats.  This conduct does not show Plaintiff acted willfully or in bad faith.

## CONCLUSION

The *Galdamez* and *Byrd* considerations collectively weigh in favor of granting Plaintiff's motion.  This motion was filed was because of Miranda's new and recent testimony that Keilan was seated in the left rear seating position, which contradicts the Traffic Collision Report and Officer Tucker's deposition testimony as to Miranda's prior statement that Keilan was seated in the right rear seat.  This creates a disputed fact as to which seat Keilan occupied in the subject vehicle.  Defendant is not prejudiced as Plaintiff did not take the position that Keilan was only in the right rear seat at the time of the Pretrial.  No disruption to the proceedings will occur if Plaintiff makes its experts immediately available for re-deposition and allows Defendant's experts to immediately examine the left rear seat

**belt assembly.**[4]

**IT IS ORDERED:**

1. **Plaintiff's Motion to Amend the Pre-Trial Order is tentatively GRANTED; and**

2. **The Pre-Trial Order is amended as of this date to conform to the following:**

**At p. 1, line 21: (1) Manufacturing defects as to the right front seat belt, left rear seatbelt, and right rear seat belt;**

**At p. 1, lines 23-24: (3) Failure to warn (whether Defendant failed to adequately warn of any known or knowable risk relating to the right front, left rear, and right rear seating positions);**

**At p. 3, line 11, add: c. The parties dispute whether a manufacturing defect exists in the left rear seat belt webbing of the Ford Explorer that proximately caused damages to Plaintiff;**

**At p. 3, line 16, add: The parties dispute whether Keilan Santos was seated in the left rear or right rear seat;**

**At p. 3, line 18, add: The parties dispute the type of injuries Keilan Santos would have sustained if the webbing in the left rear seat belt assembly of the Ford Explorer did not separate;**

**At p. 3, line 18, change No. 4 to read: The parties dispute whether, if Keilan Santos was seated in the right rear seat, he**

---

[4]**Defendant indicated in its May 24, 2010 email that it would need to conduct additional exemplar testing, conduct further surrogate studies, and prepare additional demonstrative exhibits in preparation for trial. Defendant may conduct these tests and prepare exhibits up until trial and during trial.**

7

1  was wearing his seat belt at the time of the accident;
2       At p. 4, line 6, change No. 11 to read: The parties dispute
3  whether Defendant failed to adequately warn of any known or
4  knowable risk relating to the right front, left rear, and the
5  right rear seating positions of the Ford Explorer;
6       At p.4, lines 22-25, change Nos. 18 and 19 to include: left
7  rear passenger seating position;
8       At p. 7, line 18, change "nephew Daniel Torres-Santos" to
9  "the left rear seat belt," ... and change "that of Plaintiff's
10 son Keilan Santos," to "the right rear,".
11      3.   Plaintiff shall immediately make her experts available
12           to Defendant for re-deposition on the sole issue of the
13           left rear seat belt and seat;
14      4.   Plaintiff shall immediately allow Defendant's experts
15           to inspect the seat belt assembly and seat in the left
16           rear seating position;
17      5.   If Defendant's experts will offer testimony at trial
18           about the left rear seat belt and seat, Defendant's
19           experts shall provide a supplemental report of their
20           opinions and reasons therefor and shall be made
21           available for deposition before they testify at trial;
22      6.   This order does not affect the trial date of June 2,
23           2010; and
24 ///
25 ///
26 ///
27 ///
28

7.   A telephonic conference will be held on these issues on May 26, 2010 at 12:30 p.m.   See Document # 146.

IT IS SO ORDERED.

Dated:   May 25, 2010                       /s/ Oliver W. Wanger
                                        UNITED STATES DISTRICT JUDGE

9