IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY YU-SANTOS,  )<br>  )<br>    Plaintiff,  )<br>  v.  )<br>  )<br>TRW VEHICLE SAFETY SYSTEMS  )<br>INC., ROBERT SANTOS and DOES 1)<br>through 10,  )<br>  )<br>    Defendants.  )<br>_____) | 1:06-CV- 1773 OWW DLB<br><br>ORDER ON DEFENDANT'S<br>MOTION FOR JUDGMENT IN<br>ITS FAVOR ON ALL CLAIMS<br>RELATED TO KEILAN<br>SANTOS<br><br>(Document No. 140 ) |

On May 21, 2010, defendant TRW, ("Defendant") filed a motion for judgment as a matter of law on all claims arising from the death of Keilan Santos ("Keilan") based on Christopher Miranda's ("Miranda")[1] new sworn deposition testimony that Keilan was seated in the driver's-side (left) rear seat.  On May 24, 2010, plaintiff Tracy Yu-Santos ("Plaintiff") filed a motion to amend the March 9, 2010 pre-trial order ("Pre-Trial Order") based on Miranda's testimony.  Plaintiff seeks to amend the Pre-Trial

---

[1] Miranda, the driver and only surviving witness of the accident was deposed on May 19, 2010.

Order² to reflect that the action is proceeding on a negligent manufacturing defect and failure to warn as to the right rear, right front, and *left rear seat* belts, and that the parties dispute whether Keilan was seated in the left rear or right rear seating positions.  On May 25, 2010, the Court tentatively granted Plaintiff's motion to amend the Pre-Trial Order.

On May 25, 2010, a telephonic status conference was held regarding Defendant's opposition to Plaintiff's motion to amend and Defendant's inability to proceed to trial on June 2, 2010. The Court reserved ruling on Plaintiff's motion to amend pending briefing by the parties.  The Court granted Defendant's request that the trial be continued, and reset the trial date to June 16, 2010, in order to afford the parties additional time to conduct expert discovery and trial preparation.

On May 26, 2010, Plaintiff filed an opposition to Defendant's motion for judgment.  On May 27, 2010, Defendant filed an opposition to Plaintiff's motion to amend the Pre-Trial Order.  On June 1, 2010, the Court denied Defendant's motion after hearing the parties' oral arguments and considering the parties' briefing.   For the reasons stated below, Defendant's motion for judgment is denied.

### DEFENDANT'S MOTION

#### Defendant's Argument

Defendant argues that Plaintiff cannot prevail on her claims

---

²The Pre-Trial Order provides that the action is proceeding on manufacturing defect (negligence) and failure to warn as to the right front seat belt and right rear seat belt claims.

2

related to Keilan's death for two reasons: (1) Plaintiff is prohibited from asserting the theory that Keilan was seated in the left rear seat belt because the Pre-Trial Order limits Plaintiff's claim to the right rear seat belt; and (2) Plaintiff lacks evidence that Keilan occupied the right rear seating position because Miranda recently testified that Keilan was seated in the left rear seat.  Defendant also argues that Plaintiff should not be allowed to amend the Pre-Trial Order to include a left rear seat belt defect claim or evidence that Keilan may have occupied the left rear seat because it would create manifest injustice.[3]

### Plaintiff's Opposition

Plaintiff argues that Miranda's recent deposition testimony does not result in a total failure of proof on Plaintiff's theory of liability because there is conflicting admissible evidence about the seat that Keilan occupied in the vehicle.  Plaintiff asserts that Miranda's statements to the police officers at the scene of the accident, which places Keilan in the right rear seat, is admissible evidence under the present sense impression exception.  Miranda's recent deposition testimony, contradicts his prior testimony and places Keilan in the left rear seat. Plaintiff posits that the jury should determine which statement

---

[3]This argument is also raised in Defendant's Opposition to Plaintiff's Motion to Amend the Pre-Trial Order.  See Doc. No. 154.  The Court addressed Defendant's argument in its May 25, 2010 Order, which tentatively granted Plaintiff's motion. See Doc. No. 147.  On June 1,2010, the Court granted Plaintiff's motion after hearing oral argument and considering the parties' briefing.

3

is the most reliable.

Plaintiff argues that she should be allowed to amend the Pre-Trial Order to prevent manifest injustice. Plaintiff represents that it did not amend its pleadings to include the left rear seating position after it learned of Miranda's statement to his insurance company in 2005 (i.e. that Keilan was seated in the left rear seat), because it was not admissible evidence. Plaintiff asserts that Miranda's unsworn statement to his insurance company was hearsay. Plaintiff alleges that she attempted to locate Miranda for purposes of deposing him and resolving his contradictory statements, and was not successful until Miranda came forward on May 3, 2010.

## DISCUSSION

As an initial matter, Defendant's first argument related to the Pre-Trial Order limitation is moot because the Court has granted Plaintiff's motion to amend the Pre-Trial Order. With respect to Defendant's second argument, although Defendant labels its motion as a "motion for judgment," Defendant is essentially requesting summary adjudication, as Defendant's motion requires the Court to evaluate evidence and determine whether there is any evidence that Kelian was seated in the right rear seat.[4] However, summary judgment is inappropriate where a genuine factual question exists as to any material fact. Fed. R. Civ. P.

---

[4] The Court notes that Defendant's de facto motion for summary judgment does not comply with any of the requirements of Rule 56 or applicable local rules regarding summary judgment.

56(c); <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 157 (1970); <u>Fortyune v. American Multi-Cinema, Inc.</u>, 364 F.3d 1075, 1080 (9th Cir. 2004).  Here, Plaintiff has established that a disputed fact exists as to which seat Keilan occupied because Miranda's conflicting prior statements place Keilan in the left rear seat *and* right rear seat.  Miranda's statement to the police at the time of the accident may be admitted as a present sense impression under Fed. R. Evid. 803(1), and Miranda's conflicting deposition testimony may be admissible evidence as well.  Plaintiff represents that Miranda will be called as a witness at trial, and will be testifying about Keilan's seating position.  Accordingly, the jury will be able to consider both statements and evaluate whether Miranda's statement at the time of the accident is more or less reliable than Miranda's deposition or in-court testimony.

  Further, Defendant is not entitled to judgment because Plaintiff's seat belt expert, Mr. Broadhead, has opined since March 25, 2008, that the left rear seat belt contained a webbing manufacturing defect.  As Plaintiff's correctly note, assuming arguendo that the jury concludes that both seat belts were being worn at the time of the accident and both failed to perform according to their design specifications, the jury would be entitled to find for the Plaintiff, regardless of whether the jury finds Kelian was in the right or left seat.

   Last, to the extent that Defendant is arguing that Plaintiff may not pursue two alternate seating theories for Keilan, the

argument is without merit.  See Defendant's Opposition to Plaintiff's Motion to Amend at page 12, n.6.  Under federal pleading rules, a party may plead claims in the alternative.  See Fed.R.Civ.P. 8(d)(2).  Under Rule 8(d)(3), a party can plead "as many separate claims" as it has "regardless of consistency" between them.  Fed.R.Civ.P. 8(d)(3); McCalden v. California Library Ass'n, 955 F.2d 1214,1219(9th Cir.1990). Inconsistency is acceptable because a plaintiff can only prevail on one of these positions, and is limited to a single recovery no matter how many different and conflicting theories it offers. See Astor Chauffeured Limousine Co. v. Runnfeldt Inv. Corp., 910 F.2d 1540,1548(7th Cir. 1990).

## CONCLUSION

Defendant's motion for judgment as a matter of law is DENIED because Plaintiff has demonstrated that a disputed fact exists as to whether Keilan was seated in the left rear or right rear seating position, and Plaintiff's seat belt expert has opined that a defect exists in the left rear and right rear seat belts.

IT IS SO ORDERED.

**Dated:   June 3, 2010**              **/s/ Oliver W. Wanger**
                                    UNITED STATES DISTRICT JUDGE

6