David C. Wright, State Bar No. 177468
dcw@mccunewright.com
Kristy M. Arevalo, State Bar No. 216308
kma@mccunewright.com
McCUNEWRIGHT, LLP
2068 Orange Tree Lane, Suite 216
Redlands, California 92374
Telephone: (909) 557-1250
Facsimile: (909) 557-1275

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY YU-SANTOS<br><br>  Plaintiff,<br><br>  v.<br><br>TRW VEHICLE SAFETY SYSTEMS INC. and ROBERT SANTOS,<br><br>  Defendants. | Case No.: 1:06-cv-01773-OWW-DLB<br><br>Judge Assigned: Hon. Oliver W. Wanger<br><br>**ORDER ON PLAINTIFF'S MOTION TO AMEND THE PRE-TRIAL ORDER;**<br><br>Hearing Date: June 1, 2010<br>Time:  2:30 p.m.<br>Dep't:  3 |

On June 1, 2010, Plaintiff's Motion to Amend the Pretrial Order came on for hearing in Department 3 of the above-entitled Court. After reviewing and considering Plaintiff's Motion, Defendant's Opposition, and Plaintiff's Reply papers, and hearing and considering oral argument regarding the motion,

**IT IS HEREBY ORDERED THAT:**

Good cause appearing, to prevent manifest injustice to Plaintiff, and finding no surprise or prejudice to Defendant, the final Pretrial Order which was entered in this matter on March 9, 2010, is hereby amended as of the date of this Order to conform to the following:

-1-

- At p. 1, line 21: (1) Manufacturing defects as to the right front seat belt, *left rear seat belt*, and right rear seat belt
- At p. 1, lines 23-24: (3) Failure to warn (whether Defendant failed to adequately warn of any known or knowable risk relating to the right front, *left rear*, and right rear seating positions).
- At p. 3, line 11, add: c. The parties dispute whether a manufacturing defect exists in the left rear seat belt webbing of the Ford Explorer that proximately caused damages to Plaintiff.
- At p. 3, line 16, add: The parties dispute whether Keilan Santos was seated in the left rear or right rear seat.
- At p. 3, line 18, add: The parties dispute the type of injuries Keilan Santos would have sustained if the webbing in the left rear seat belt assembly of the Ford Explorer did not separate.
- At p. 3, line 18, change No. 4 to read: The parties dispute whether, *if Keilan Santos was seated in the right rear seat*, he was wearing his seat belt at the time of the accident.
- At p. 4, line 6, change No. 11 to read: The parties dispute whether Defendant failed to adequately warn of any known or knowable risk relating to the right front, *left rear*, and right rear seating positions of the Ford Explorer.
- At p. 4, lines 22-25, change Nos. 18 and 19 to include: *left rear passenger seating position*.
- At p. 7, line 18, change "nephew Daniel Torres-Santos" to "the left rear seat belt,"…and change "that of Plaintiff's son Keilan Santos," to "the right rear,".

Plaintiff is further ordered to include the following in the amended pretrial order under the subheading "Further Discovery or Motions":

Pursuant to the Court's order granting Plaintiff's Motion to Amend the Pretrial Order, the Court has ordered that the parties may conduct the following additional discovery :

-2-

**Order re Pl.'s Mot. to Amend Pretrial Order**
**Case No.: 1:06-cv-01773-OWW-DLB**

1.  Plaintiff shall immediately make her experts available to Defendant for re-deposition on the sole issue of the left rear seat belt and seat.

2.  Plaintiff shall immediately allow Defendant to inspect the seat belt assembly and seat in the left rear seating position.

3.  Plaintiff shall be allowed to re-depose Defendant's experts regarding their analyses and opinions concerning the left rear seat belt assembly and left rear seating position before they testify at trial.

4.  The Court will authorize the issuance, on Defendant's request, for subpoenas or subpoenas *duces tecum* for any witnesses that it thinks exist on the issue of the position of Keilan Santos in the left rear seat.  Further, on shortened notice, the Court will permit Defendant to re-open discovery to conduct any further fact investigation and analysis surrounding the accident.

5.  The parties shall be permitted to designate experts in the field of toxicology for the purposes of conducting a foundational hearing pursuant to Federal Rules of Evidence, Rule 104, regarding the admissibility of evidence of marijuana use by the driver of the subject vehicle, Christopher Miranda.

IT IS SO ORDERED.

Dated:   **June 4, 2010**               **/s/ Oliver W. Wanger**
                                  UNITED STATES DISTRICT JUDGE

**Order re Pl.'s Mot. to Amend Pretrial Order**
**Case No.: 1:06-cv-01773-OWW-DLB**