IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY YU-SANTOS,                          ) | 1:06-CV- 1773 OWW DLB |
|                 Plaintiff, ) | ORDER REGARDING |
|    v.                                       ) | PLAINTIFF AND |
|                                    ) | DEFENDANTS' MUTUAL |
| TRW VEHICLE SAFETY SYSTEMS     ) | SETTLEMENT AGREEMENT |
| INC., ROBERT SANTOS and             ) | |
| DOES 1 through 10,                        ) | |
|                                    ) | |
|                 Defendants.     ) | |
| _____) | |

    On the first day of trial, on June 17, 2010, before jury selection, defendant TRW ("Defendant"), and plaintiff Tracy Yu-Santos ("Plaintiff") informed the court that they had reached a mutually binding settlement agreement on June 16, 2010.  The parties agreed, on the record, to the following:  (1) submission of a duly executed written settlement agreement to the Court on or before June 28, 2010; (2) Defendant shall pay the settlement consideration on or before July 16, 2010; and (3) the parties shall file a formal dismissal of the complaint in its entirety on or before July 21, 2010.

    The Plaintiff did not inform the Court about the status of

Robert Santos, who is a nominal Defendant in this case.[1]

As a result of the settlement, the Court took the jury trial off calendar and dismissed the prospective jurors who had been called for service. The court ordered that the parties shall each be assessed the cost of calling the jury, and that each party would bear the cost equally for failure to timely notify the Court and avoid the calling of the jury.

IT IS ORDERED:

(1) The parties shall file their duly executed settlement agreement resolving all claims and defenses as to all parties on or before June 28, 2010;

(2) Defendant shall fund the settlement on or before July 16, 2010;

(3) Plaintiff shall notify the Court about the status of Robert Santos on or before June 28, 2010;

(4) The parties shall file a Fed. R. Civ. P. Rule 41 stipulation for dismissal of the entire case on or before July 21, 2010;

(5) The parties shall pay the costs of calling the jury. Each side shall pay an equal one-half share. The total amount of jury costs for this case on June 17, 2010 is $7,305.00. This payment by each party shall be made to the Clerk of Court in the amount of $3,652.50 on or before July 1, 2010; and

(6) The Court expressly reserves jurisdiction over the

---

[1] Robert Santos is the father of Tia and Keilan Santos and is an heir to Tia and Keilan.

2

parties to enforce the terms of this Order.

SO ORDERED

DATED: June 17, 2010.

                                                      /s/ Oliver W. Wanger
                                                     Oliver W. Wanger
                                         United States District Judge